The State, Woodruff et al., v. Mayor, &c., of the town of Orange.

THE STATE, THOMAS O. WOODRUFF AND OTHERS, PROSE-CUTORS, v. THE MAYOR AND COMMON COUNCIL OF THE TOWN OF ORANGE.

1. Under the act to incorporate the town of Orange, passed thirty-first of January, 1860, where a petition is presented to the common council to lay out a new street, it is not necessary that the notice of such petition should be signed by a majority of the property owners, on the line of the proposed new street. It is sufficient if the petition is so signed. In this respect, the charter differs from the general road act, which requires both the petition and the notice to be signed by the applicants.

2. Where in the notice words may be used which, according to their strict literal meaning, render the description somewhat confused, yet if, on giving them their ordinary signification, and referring to the context, there does not seem to be any want of particularity as to the commencement, termination, or route of the proposed street, it is sufficient.

3. Where part of a street, proposed to be laid out, had been opened and built upon for several years, but not laid out or dedicated to public use by the owners of the land, and it is proposed to lay out the whole street legally, so that the town may obtain the control of it, it is necessary that the petition for that purpose should be signed by a majority of all the land owners, including those who had before opened and built upon a part of it.

4. If the ordinance, in describing the location of the street, refers by a videlicet, to the map accompanying the petition, as filed, and an error occurs in the description as set out in the ordinance, it is not material. The rule of law well applies, "*falsa demonstratio non nocet.*"

5. Where a testator devised lands to trustees, to be sold for certain purposes, and a portion of the lands was taken for the public street, the damages should be assessed in favor of the trustees, and not in favor of the estate of the testator.
   This case distinguished from that of *The State* v. *The Collector of Jersey City*, 4 *Zab.* 108.

6. It must appear with sufficient certainty that the land owners had notice of the meeting of the commissioners, at which they viewed the premises or heard the petition.

*Certiorari* to remove an ordinance and proceedings thereon, laying out a street called Cleveland street, in the town of Orange.

The grounds relied on are fully stated in the opinion of the court.

The case was argued in the branch court, before Justices HAINES, DALRIMPLE, and WOODHULL.

For the prosecutors, *T. P. Ranney* and *C. Parker.*

For the defendants, *A. S. Hubbell* and *T. N. McCarter.*

The opinion of the court was delivered by

DALRIMPLE, J. The act to incorporate the town of Orange, passed 31st January, 1860, (*Pamph. Laws* 10) provides that the common council of said town shall "have the exclusive control of all the highways, streets, roads, and alleys within the limits of the town; they shall regulate the grade of, and the manner of working and keeping in repair the same, and for this purpose may divide the town into one or more road districts."

On the fourth day of June, 1860, a petition was presented to the common council of Orange, praying that a new street, to be called Cleveland street, be laid out. The prayer of the petitioners was granted, and on the first day of October then next, an ordinance was passed, entitled "an ordinance to lay out and open Cleveland street."

The *certiorari* in this case brings before the court, for review, the proceedings of the common council in laying out this street.

1. It is contended that, as the notice of the application was not signed by the petitioners, it was insufficient. By section fourteen of the act of incorporation, it appears that the exclusive power of laying out new streets, roads, and

alleys, within the town limits, is given to the common coun-- cil, and the mode in which this power is to be exercised pointed out. It is provided that before an ordinance laying out a new street shall be passed, a petition therefor shall be signed by a majority of the property owners on the line of the proposed new street, previous notice of such petition having been given in a newspaper published in the town, or by three notices in the locality thereof, at least two weeks prior to such application. It appears that this act, unlike " an act concern- ing roads," (*Nix. Dig.* 737)[*] does not require that notice of the application shall be under the hands of the applicants. The object of the notice is to apprise all parties whom it may concern, that an application to lay out the street will be made. Only one set of persons can, by the act, petition for the street, and they are a majority of the property owners on the line thereof. They alone can be the moving parties, and when a notice of appli- cation to common council for a new street is given, it does not seem to be requisite, in order that the object of such notice shall be attained, that the names of the persons who propose to sign the petition should be appended to or mentioned in the notice.

2. It is objected that the termination and route of the street are not defined in the notice with sufficient precision. The description is as follows: " A street commencing on the north side of Main street, between the house at present occupied by Mr. Root and store at present occupied by Mr. Lee, belonging to the estate of John C. Smith, said street to be sixty feet wide, and running from Main street to intersect a street on White street, opened by Cleveland and Babbitt, called Cleveland street, thence along said Cleveland street, as at present opened, to a street opened by Jesse Williams, from Day street, called Elizabeth street." The specification is substantially of a street sixty feet wide, to begin on the north side of Main street, between two houses, about the location of which there is no doubt, and thence running so as to meet a well known street, called Cleveland street, and thence along that street, as then opened, to Elizabeth street,

[*] *Rev.*, p. 990.

and there to end. Although the draftsman of this notice may have used some word or words which, according to their strict literal meaning, would render the description somewhat confused, but giving to them their ordinary popular signification, and referring to the context, there does not seem to be any want of particularity as to the commencement, termination, or route of the proposed street.

3. The next objection is that the petition is not signed by a majority of the property owners on the line of the street. This depends on whether that part of the street between White and Elizabeth streets may properly be said to be a part of the street to be laid out. It appears that Cleveland street, from White to Elizabeth, had been opened for several years, and built upon. The property owners on its line, prompted by their own interest, or for their own convenience, had opened the street to that extent. It does not, however, appear that it had ever been legally dedicated to the public. It had not been worked, maintained, nor in any way recognized by the public authorities. The owners of the fee of the street, and those owning property on the line of it, might at any time have shut it up. It was, therefore, lawful for the town of Orange to lay it out and obtain control of it, and the owners of property on the line of it may properly be said to be owners on the line of the street proposed to be laid out.

4. The next objection is that the description of the street in the notice and petition is variant from that contained in the ordinance. The petition is accompanied by a map, which is therein said to be a part of the same, and it shows in full the lines of the proposed street—its beginning, ending, courses, distances, and connections with other streets. In transcribing from the map into the ordinance these courses and distances, the distance of the first corner is said to be one chain and five links, instead of one chain and fifty-one links, as it plainly appears to be by the map. The ordinance, however, declares that the street shall be laid out and opened as defined on the map filed in the office of the town

clerk, and then under a *videlicet* purports to state what that definition is, but makes the error stated. We do not think it material. The well-settled rule, *"falsa demonstratio non nocet,"* here fairly applies. Sufficient remains, after rejecting the false description, from which the exact locality of the street may be ascertained with all legal certainty.

5. The beginning of the street as applied for, is, as before stated, to be "on the north side of Main street, between the house at present occupied by Mr. Root and store at present occupied by Mr. Lee." If the street is surveyed and located as described in the ordinance, it will take a part of the lean-to attached to the rear of the house. It is, therefore, contended that there is a variance as to the beginning of the street, between the petition and the ordinance. We do not so understand it. The beginning is the same in both, that is, on the north side of Main street, between the two houses named. The street does not touch the lean-to until after it leaves its beginning, which is on Main street.

6. Another error assigned is that no damages were assessed to the prosecutors, whose lands are taken. It appears that Daniel Smith, by his will, devised the lands in question to Thomas O. Woodruff and Horace Carter, in fee, upon certain trusts. These trustees appeared before the common council, remonstrated against laying out the street, and signified in writing that they claimed damages on account of the same. Commissioners were thereupon, as required by the fourteenth section of the act of incorporation, appointed to assess such damages. They afterwards made their report, by which it appears that these land owners were wholly ignored, and the only assessment of damages made was one of four hundred dollars to the estate of Daniel Smith. The commissioners had no authority given to them to assess any such damages; had no right to do so, and none such were claimed. The assessment should have been to the land owners by name. *The State* v. *Fischer*, 2 *Dutcher* 129 ; *The State* v. *Oliver*, 4 *Zab.* 129.

This is not like the case of *The State* v. *The Collector of*

*Jersey City,* 4 *Zab.* 108, in which an assessment on lands, described as lands belonging to the estate of Cook, was held sufficient on *certiorari.* The assessment now before us is the judgment of a legal tribunal, awarding damages to parties litigant. The assessment not being made to the parties by name, nor so far as we can see by any proper description or designation, is illegal.

This assessment is also bad, because it does not appear that the land owners had notice of any meeting of the commissioners at which they would view the premises or hear the parties. The report does state that the commissioners "having viewed the property through which said street is laid, and heard the representations of the parties interested, they have estimated the damages." But what parties interested? Those interested in having the street laid, or those interested in preventing it? Were these parties interested the prosecutors, who were interested for their *cestuis que trust* or the *cestuis que trust* themselves, or some other persons in some way interested in the estate of Daniel Smith, or John C. Smith, or both? It is not even alleged that *all* the parties interested were before the commissioners, and we are not prepared to say that even such averment, if made, would show that due and legal notice had been given to the prosecutors. This is a proceeding which condemns for public use the soil and freehold of the citizen. By the well settled rules of law, and upon the plainest principles of justice, he has a right to be heard before the tribunal which fixes the amount of compensation which he is to receive for the property of which he is thus deprived. It should distinctly appear upon the face of the proceedings, that reasonable notice was given to the land owner of the time and place when and where the commissioners would meet and determine the question submitted to them. *The State* v. *Newark,* 1 *Dutcher* 411; *Carron* v. *Martin,* 2 *Dutcher* 598.

It was also insisted by counsel for prosecutors, that the act incorporating Orange, so far as it authorizes the common council to take lands of private owners for public streets, is

unconstitutional and void, and that the land given by the petitioners, for the street, to the town, indemnifying it against any expenses for grading and making the street in the first instance, and against any litigation which might arise by reason of laying out and opening the same, was contrary to the policy of the law, and rendered the subsequent proceedings illegal. A discussion of these objections, which we do not consider well founded, is rendered unnecessary under the view we have taken of the questions already considered.

It does not appear *on the face of the proceedings*, that the street was petitioned for by a majority of the property owners on the line thereof, nor that the common council appointed, as required by the act, discreet and disinterested commissioners to assess the damages claimed. These defects were not urged on the argument, probably because it was understood that they had been supplied by evidence *aliunde*. It is very doubtful whether such evidence is admissible. *State* v. *Jersey City*, 1 *Dutcher* 310; *Den, ex dem. Obert*, v. *Hammell*, 3 *Harr*. 76; *Van Wickle* v. *Railroad Co.*, 2 *Green* 166; *State* v. *Newark*, 1 *Dutcher* 413; *The King* v. *Inhab. of Hulcott*, 6 *T. R.* 587. It was urged by the counsel of the defendants in *certiorari*, that the writ should be dismissed because not applied for in a reasonable time after the passage of the ordinance. We think, under the circumstances, the prosecutors are not guilty of laches. The propriety of granting the writ was fully considered when it was applied for, and that question was then decided. It now appears that no expenses have as yet been incurred in opening or grading the street. We see no ground for the motion to dismiss the writ.

The damages sustained by the prosecutors not having been assessed as required by the act, the laying out of the street, for this reason, if there were no others, is illegal.

The ordinance, and all proceedings under the same, must be set aside.

CITED in *State, Vanatta, pros.*, v. *Morristown*, 5 *Vroom* 451; *State, Evans, pros.*, v. *Jersey City*, 6 *Vroom* 384; *State, National Railway Co., pros.*, v. *Easton and Amboy R. R. Co.*, 7 *Vroom* 186; *State, Wilkinson et al.*, v. *Inhabitants of Trenton*, 7 *Vroom* 501.